**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50322
Summary Calendar

J. RICHARD AVENA,

Plaintiff-Appellant,

VERSUS

TEXAS DEPARTMENT OF HUMAN SERVICES,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas

(SA-00-CA-0655-IV)

January 7, 2003

Before JONES, STEWART, and DENNIS, Circuit Judges.

Per Curiam:[*]

J. Richard Avena pro se appeals the district court's order

granting summary judgment to his employer, the Texas Department of

Human Services ("DHS"), on his Title VII claim that DHS failed to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

promote him to one position and denied him the opportunity to apply for two other positions based on his national origin.  We AFFIRM.

Avena was hired by DHS in 1990 to serve as the agency's Regional Civil Rights Director in San Antonio, Texas.  Prior to his hiring, he had spent twenty-one years working for the U.S. Commission on Civil Rights and two years working as the executive director of the Texas Civil Liberties Union.  He consistently received favorable job evaluations from DHS.

Steve Currier is the Director of the DHS's Civil Rights Division ("CRD") in Austin, Texas.  Aurora LeBrun was the CRD Assistant Director.  On July 31, 1995, LeBrun announced her resignation.  Currier obtained permission to post a vacancy announcement about LeBrun's position internally and externally. The vacancy was posted on August 28, 1995.  Eighteen people applied for the job.  Of these, Avena and six others were invited to interview.  Three were African American, three were Hispanic, and one was Anglo American.

The seven candidates were given a written examination and were interviewed by a committee consisting of Currier, LeBrun, and Robert Compton.  Avena had the highest written examination score and the second highest oral interview score.  His overall score was 171.5, which placed him second among the candidates.  The top-rated candidate was Debra Smith, who is African American and who worked in the CRD regional office in Houston.  Her score was 178.  Currier

2

offered the position to Smith on September 20, 1995. Smith accepted the offer on September 21, 1995. Avena says he was notified of the decision on September 25, 1995. Smith eventually withdrew her acceptance and, despite Currier's efforts to change her mind, declined the promotion.

DHS later announced that it intended to reorganize the CRD by eliminating the position of Assistant Director and creating two new section manager positions. The internal reorganization plan was authorized so as not to increase the total staff size of the CRD. DHS announced that any current CRD manager in the state office at pay group level 20 or higher could apply for the two new section manager positions. This prerequisite excluded Avena, who worked in the CRD's regional office in San Antonio. On December 15, 1995, DHS announced that the new positions would be filled by Robert Compton and Ana Mireles. Compton is Anglo American. Mireles is Hispanic.

On January 12, 1996, Avena filed an internal complaint of discrimination based on national origin, sex, and age. The internal investigation found no illegal discrimination. On September 20, 1996, Avena sent a letter to the EEOC alleging discrimination based on age and national origin. The letter was received on September 25, 1996. Avena filed a formal EEOC complaint on October 7, 1996. The EEOC found "cause to believe discrimination existed." Upon reconsideration at DHS's request, the EEOC sustained its finding. At DHS's further request, the EEOC

3

sent the investigative file to another EEOC office for yet another review.  That review resulted in the same finding. After conciliation failed, the EEOC sent Avena a right-to-sue letter.

On June 30, 2000, Avena filed the present lawsuit, alleging claims under 42 U.S.C. §§ 2000e *et seq.*  Among Avena's evidence of national origin discrimination is testimony that LeBrun made a disparaging remark about Avena, to the effect of "he doesn't know what he is doing.  He's just an old Mexican man."  The district court granted DHS's motion for summary judgment and dismissed the case.  Avena timely appealed.

## II.

We review a grant of summary judgment de novo.[1]  Summary judgment is proper if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."[2]  In assessing the summary judgment evidence, we must review all the evidence in the record, draw all reasonable inferences in favor of the nonmoving party, and make no credibility determinations or weigh the evidence.[3]

---

[1] Chaffin v. John H. Carter Co., 179 F.3d 316, 318 (5th Cir. 1999).

[2] Id. at 318-19.

[3] Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

4

III.

Avena claims DHS violated Title VII by failing to promote him to the position of Assistant Director both when it offered the position to Smith and after Smith turned down the position and then by preventing him from applying for the two manager positions.

A.

In a state with a state or local administrative mechanism to address employment discrimination complaints, a Title VII plaintiff must file his discrimination charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred."[4] Texas has such a state administrative mechanism.[5] A Title VII claim accrues when the plaintiff is given unequivocal notice of the adverse employment decision.[6]

Avena says he was notified that DHS selected Smith and not him for the Assistant Director position on September 25, 1995. Avena sent the EEOC a letter outlining his complaint on September 20, 1996. He sent the EEOC a formal complaint on October 7, 1996. Hence, the facts show that Avena filed his discrimination charge with the EEOC more than 300 days after his cause of action accrued.

Avena asserts that DHS failed to allege an affirmative defense

---

[4] 42 U.S.C. § 2000e-5(e)(1); see Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998).

[5] Huckabay, 142 F.3d at 238.

[6] See Delaware State Coll. v. Ricks, 449 U.S. 250, 258 (1980); Vadie v. Mississippi State Univ., 218 F.3d 365, 371 (5th Cir. 2000).

based on the statute of limitations.  The record shows that DHS's amended answer includes three affirmative defenses, including "Defendant asserts the defense of limitations."  Avena's assertion is therefore meritless.

Avena also claims that DHS's selection of Smith instead of him was part of "a continuous pattern of discrimination."  If true, his cause of action would be timely under the continuing violation doctrine.[7]  To avail himself of this doctrine, Avena "must demonstrate more than a series of discriminatory acts.  He must show an organized scheme leading to and including a present violation, such that it is the cumulative effect of the discriminatory practice, rather than any discrete occurrence, that gives rise to the cause of action."[8]  Factors to consider in determining whether the continuing violation doctrine applies include whether the alleged acts involve the same type of discrimination, tending to connect them; whether the alleged acts were recurring or isolated decisions; and whether the alleged acts had the degree of permanence that should trigger the employee's awareness of and duty to assert his rights.[9]

In this case, Avena alleges a series of discriminatory acts that occurred in relatively close proximity and which each involved

---

[7] Huckabay, 142 F.3d at 238.

[8] Id. at 239 (citations omitted).

[9] Id. (quoting Berry v. Board of Supervisors, 715 F.2d 971, 981 (5th Cir. 1983).

6

failure to promote him to a management position. But the particular decision to hire Smith instead of Avena is "the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued."[10] Indeed, Avena makes clear in his briefs his belief that the initial decision to hire Smith instead of him, standing alone, constituted discrimination. Accordingly, Avena cannot avail himself of the continuing violation doctrine to get past the limitations problem. His claim related to DHS's initial decision to hire Smith instead of him is time-barred.

B.

To make out the prima facie case of a failure to promote claim, a plaintiff must show (1) he belongs to a protected class, (2) he was qualified for the position for which his employer sought applicants, (3) he was not promoted, and (4) after his rejection, either the position was filled by someone outside the protected class or his employer continued to seek applicants with his qualifications.[11]

Avena cannot make out a prima facie case of discrimination based on DHS's decision to eliminate the Assistant Director position instead of offering it to him after Smith declined it. It is undisputed that the Assistant Director position was eliminated

---

[10] Celestine v. Petroleos de Venezuela SA, 266 F.3d 343, 352 (5th Cir. 2001) (quoting Huckabay, 142 F.3d at 240).

[11] See id. at 354-55; Blow v. City of San Antonio, 236 F.3d 293, 296 (5th Cir. 2001).

7

after Smith turned down the job offer.  Hence, there is no evidence that the position was filled by someone outside the protected class or that DHS continued to seek applicants with Avena's qualifications after rejecting his application.  This necessarily means Avena cannot demonstrate the fourth element of a prima facie case of discriminatory failure to promote with respect to the elimination of the Assistant Director position and that summary judgment is warranted as to that claim.

C.

Avena's final claim is that DHS denied him the opportunity to apply for the two manager positions it created when it eliminated the Assistant Director position.  Again, he alleges that in this respect DHS discriminated against him based on his national origin.  To make out a prima facie case of disparate treatment, a plaintiff must show (1) he belongs to a protected class, (2) he was qualified for the position for which his employer sought applicants, (3) he suffered an adverse employment action, and (4) others similarly situated were treated more favorably.[12]

Avena identifies no evidence that shows other similarly situated employees were treated more favorably than he was when DHS filled the new section manager positions.  Only current CRD managers in the state office were eligible to apply.  Avena has offered no evidence that any DHS employee who was not a manager in

---

[12] Rutherford v. Harris County, Texas, 197 F.3d 173, 184 (5th Cir. 1999).

the state office was allowed to apply when he was not.  Hence, he has offered no evidence that he was treated differently than other CRD employees who were not managers at the state office.  He has therefore failed to satisfy the fourth element of the prima facie case.  Moreover, of the six current CRD managers in the state office who were eligible to apply for the new section manager positions, three were Hispanic and three were Anglo American.  One of the two people hired to fill the new positions is Hispanic; the other is Anglo American.  While these facts are not outcome determinative, they significantly weaken Avena's contention that the selection process discriminated on the basis of national origin.[13]  Summary judgment is warranted as to this allegation.

IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[13] See Nieto v. L & H Packing Co., 108 F.3d 621, 624 (5th Cir. 1997) (stating that "[w]hile not outcome determinative," the fact that the person who replaced the fired employee was of the same national origin "is certainly material to the question of discriminatory intent").

9